UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RYAN KUSHMAN,<br><br>Plaintiff,<br><br>vs.<br><br>DR. DAVE REMPEL, Dentist, individual and official capacity; PATTY PETERSON, Dental Hygienist, individual and official capacity; MEGAN MEIR; Nurse, individual and official capacity; BARBIE EASTMAN, Nurse, individual and official capacity; and LT. JUSTIN CRAMER, SD DOC,<br><br>Defendants. | 5:25-CV-05022-RAL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff Ryan Kushman, an inmate at the Rapid City Minimum Unit, filed a pro se prisoner civil rights lawsuit.[1] Doc. 1. Kushman filed a motion for leave to proceed in forma pauperis and provided his prisoner trust account report. Docs. 2, 3. He also filed motions for appointment of counsel. Docs. 5, 6.

I. **Motion for Leave to Proceed In Forma Pauperis**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an

---

[1] This Court liberally construes Kushman's lawsuit to allege a claim under 42 U.S.C. § 1983 because claims under § 1983 are brought against state actors for violation of federal statutory or constitutional rights and that is the nature of Kushman's claim. 42 U.S.C. § 1983.

installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Kushman reports a current balance of $13.87, average monthly deposits of $131.00, and an average monthly balance of $42.02. Doc. 3. Based on the information regarding Kushman's prisoner trust account, the Court grants Kushman leave to proceed in forma pauperis, Doc. 2, and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Kushman must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Id. The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Kushman's institution. Kushman remains

responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II.     1915A Screening

### A.     Factual Background

Kushman's Eighth Amendment deliberate indifference to medical needs claim stems from a wisdom tooth extraction on December 12, 2024. Doc. 1 at 4. "[S]hortly after" this procedure, Kushman's pain became "so severe [he] had to see medical to address it." Id. He informed the medical staff that "the only way [he] could even barely handle the pain was taking double doses of Tylenol" that his dentist had provided him. Id. Medical staff refused to provide him with alternative medication for the pain, and instead provided him with salt water to rinse his mouth with. Id. According to Kushman, "[t]he pain stayed a 10 of 10 for 18 days[,]" and he "asked every member of the senior staff for help & everyone refused to take [him] to a Doctor or the ER[.]" Id.

While Kushman does not state who performed the original tooth extraction (although it is ostensibly Dr. Rempel), he states that when he was seen by Dr. Rempel "2 or 3 more times" after the original procedure. Id. On a visit with Dr. Rempel on February 4, 2025, almost two months after the original procedure, the extraction site was "still infected & pussing [sic]" Id. Kushman also sought relief from Meir, a member of the nursing staff, who gave him "Perdox which was expired one year to the date" and informed him that "it's ok to use 2 yrs past experation [sic] date[.]" Id. at 5.

Kushman also details a specific incident on December 17, 2024, involving Lt. Cramer. Id. On this occasion, Kushman claims that he "was going through the worsd [sic] pain [he has] ever gone through in [his] life." Id. Upon relaying this to Cramer and showing him the infection, Cramer responded by informing Kushman that "he was already short staffed and asked [Kushman]

saying 'Do you really want me to make all them calls & have to do all the paperwork just for that?' " Id.

At the time Kushman filed his complaint, he had been "suffering for over 50 days[.]" Id. at 4. Kushman was also seen by an oral surgeon on February 14, 2025, for another tooth extraction resulting from the infection. Id. As a result of his "severe infection and pain," as well as "additional damage to other teeth," Kushman requests a total of $10 million paid to him by the South Dakota Department of Corrections and the South Dakota Department of Health. Id. at 4, 8. Kushman sues Rempel, Peterson, Meir, and Eastman in their individual and official capacities. Id. at 2. He does not specify in what capacity he sues Cramer. Id. at 1. Because it appears that Kushman's failure to specify Cramer's capacity was inadvertent, this Court construes Kushman's complaint to sue Cramer in his individual and official capacity as Kushman did with the other defendants.

### B.     Legal Standard

The court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555 (citations omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This court will now assess the claims under 28 U.S.C. § 1915A.

C.   **Legal Analysis**

Kushman seeks compensation for his pain and suffering in the form of "$5,000,000 paid to [him] by the South Dakota D.O.C. & an additional $5,000,000 paid by the South Dakota D.O.H. due to the neglegent [sic] behavior of their staff & behavior." Doc. 1 at 8. Kushman has not named the South Dakota Department of Corrections ("DOC") or the South Dakota Department of Health ("DOH") as defendants. Even if Kushman did name the DOC and DOH as defendants, the claims against these agencies are barred because they are arms of the state. SDCL § 1-15-1.2 (creating a department of corrections); SDCL § 1-43-1 (establishing a department of health). The Eleventh Amendment bars suit against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought. Cory v. White, 457 U.S. 85, 90–91 (1982).

Liberally construing his complaint, Kushman appears to seek money damages generally from the State of South Dakota. As the Supreme Court of the United States has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Thus, Kushman's complaint may be construed as a suit against the state itself. Id. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Id. The State of South Dakota has not waived its sovereign immunity. Thus, Kushman's claims against defendants in their official capacities for money damages are dismissed with prejudice under 28 U.S.C §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

This Court declines to read Kushman's complaint as seeking monetary relief from the individuals named, because his request for relief plainly seeks damages solely from "South Dakota D.O.C. . . . [and] South Dakota D.O.H." Doc. 1 at 8. Because the only relief Kushman seeks is money damages against South Dakota state agencies, he has not requested any relief that this Court can award against defendants in their individual or official capacities, and his remaining claims are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). "Section 1983 plaintiffs may sue individual–capacity defendants only for money damages and official capacity defendants only for injunctive relief." Brown v Montoya, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011). Kushman may file an amended complaint seeking relief that this Court can award. He must file his amended complaint

6

**within thirty days from the date of this Court's screening order.** Failure to file an amended complaint will result in the dismissal of his case without prejudice for failure to prosecute and failure to state a claim.

Kushman is cautioned that "an amended complaint supersedes an original complaint and renders the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000)). Thus, all claims Kushman seeks to bring against defendants must be included in an amended complaint. Kushman must also comply with this Court's Local Rules, which require "any party moving to amend or supplement a pleading [to] attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR. 15.1.

### III. Motion to Appoint Counsel

Kushman has also filed motions to appoint counsel.[2] Docs. 5, 6. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. Kushman's claims do not appear to be complex, and he is able to investigate the facts and present his claims adequately. This Court believes that Kushman is capable of pursuing his claims pro se at this phase of litigation, and his motions to appoint counsel, Docs. 5, 6, are denied at this time.

---

[2] There are no significant differences between the two motions, but Kushman's second motion, Doc. 6, makes use of a more formal form for a Motion for Appointment of Counsel and Affidavit in Support.

## IV. Order

Accordingly, it is

ORDERED that Kushman's motion to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that the Clerk of Court send a copy of this order to the appropriate financial official at Kushman's institution. It is further

ORDERED that the institution having custody of Kushman is directed that whenever the amount in Kushman's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Kushman trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full. It is further

ORDERED that Kushman's motions for appointment of counsel, Docs. 5, 6, are denied. It is further

ORDERED that Kushman's claims against defendants in their official capacities for money damages are dismissed with prejudice under 28 U.S.C §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). It is further

ORDERED that Kushman's remaining claims are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) though this Court delays 30 days in entering judgment of dismissal to allow Kushman time to amend his complaint. It is finally

ORDERED that Kushman may file an amended complaint seeking relief that this Court may grant. Failure to file an amended complaint within **thirty days from the date of this Court's screening order** will result in the dismissal without prejudice of Kushman's complaint.

DATED September 3rd, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE